In re Merle D. SNYDER, Jr. and
Shirley W. Snyder, Debtors.

Merle D. SNYDER, Jr. and Shirley
W. Snyder, Movants,

v.

Gary J. GAERTNER, Trustee and City
of Titusville, Respondents.

In re Keith W. ROMANOWICZ and
Barbara J. Romanowicz,
Debtors.

Keith W. ROMANOWICZ and Barbara
J. Romanowicz, Movants,

v.

Gary J. GAERTNER, Trustee and
City of Erie, Respondents.

Bankruptcy Nos. 93–10230, 93–10024.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 21, 1993.

---

Gary J. Gaertner, Pittsburgh, PA.

Michael J. Graml, Erie, PA, City of Titusville, City of Erie, Bureau of Water, U.S. Trustee.

## MEMORANDUM

WARREN W. BENTZ, Bankruptcy Judge.

The issue raised in both of the within Motions is whether the Chapter 13 Trustee is permitted to file a proof of claim on behalf of a creditor under 11 U.S.C. § 501(c) and Fed.R.Bankr.P. 3004 prior to the first date set for the 11 U.S.C. § 341 meeting of creditors.

The Chapter 13 Trustee routinely files claims for municipalities in the same amount and status as listed by the debtors in the bankruptcy schedules. This is often completed prior to the § 341 meeting. In the Romanowicz case, the Chapter 13 Trustee filed a claim on behalf of the City of Erie, Bureau of Water, as an unsecured creditor in the amount of $102.67. In the Snyder case, the Chapter 13 Trustee filed a claim on behalf of the City of Titusville as a priority creditor in the amount of $165.00 for unpaid per capita taxes.

The debtors in both cases ("Debtors") seek to have the claims filed by the Chapter 13 Trustee disallowed in their entirety. The Debtors assert that, pursuant to 11 U.S.C. § 501(c) and Fed.R.Bankr.P. 3004, the Chapter 13 Trustee has no authority to file claims on behalf of creditors except during one thirty day window commencing with the deadline for the filing of claims by a creditor, and closing thirty days thereafter. The Debtors further assert that, even if the Chapter 13 Trustee is permitted to file claims on behalf of creditors during the 120 day period following the § 341 meeting, the Trustee cannot in any event file claims prior to the § 341 meeting.

11 U.S.C. § 501(c) provides "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." Fed. R.Bankr.P. 3004 sets forth the time limits and the procedure for filing which determines whether claims filed by the Trustee are timely or tardily filed.

Fed.R.Bankr.P. 3004 provides:

Rule 3004. Filing of Claims by Debtor or Trustee

If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. A proof of claim filed by a creditor pursuant to Rule 3002 or Rule 3003(c) shall supersede the proof filed by the debtor or trustee.

Rule 3004 creates a deadline for the filing of claims by the Chapter 13 Trustee. The deadline is 30 days beyond the date by which creditors may file claims. The Debtor's interpretation of the Rule, that the Chapter 13 Trustee has authority to file claims only during a thirty day window after the deadline has passed for creditors to file claims, is without reason. Under such an interpretation, the last sentence of

the Rule would be useless. A creditor's claim could not supersede the Chapter 13 Trustee's claim if the Chapter 13 Trustee could not file a claim until the creditor's claim is untimely.

We further find that Rule 3004 does not preclude an earlier filing. Such a preclusion would be inconsistent with the intent of the draftsmen of the Code. There is no logical reason to disallow a claim filed by the Chapter 13 Trustee on behalf of a creditor because it was filed too early.

The within Motions will be refused. An appropriate Order will be entered.